# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1377

_____

Jennie Marie Loeffler

*Plaintiff - Appellant*

v.

City of Anoka; City of Burnsville; Dakota County

*Defendant*s

City of Duluth

*Defendant - Appellee*

City of Eagan; City of Fairmont; City of Hancock; Isanti County; City of Mankato; City of Milaca; Mille Lacs County; City of Minneapolis; City of Morris; Renville County; Rice County; City of Richfield; City of St. Francis; Saint Louis County; City of New Prague; City of St. Paul; City of Pequot Lakes; City of Staples; Wright County; Yellow Medicine County; Michael Campion, acting in his individual capacity as Commissioner of the Minnesota Department of Public Safety; Ramona Dohman, acting in her individual capacity as Commissioner of the Minnesota Department of Public Safety

*Defendant*s

Rebecca Kopp, acting in her individual capacity as a law- enforcement officer for the City of Duluth; John and Jane Does (1-500), acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other law-enforcement agencies

*Defendants - Appellees*

Department of Public Safety Does (1-30), acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety; Entity Does (1-50), including cities, counties, municipalities, and other entities sited in Minnesota departments and agencies; City of Farmington; City of Lakeville; City of Roseville; Dakota County Communications Center

*Defendant*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 15, 2018
Filed: June 28, 2018

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.[1]

_____

GRUENDER, Circuit Judge.

Jennie Loeffler filed a complaint in July 2013 alleging that numerous city, county, individual, and Doe defendants—including the City of Duluth and "a female officer to be later named, acting in her individual capacity as a law-enforcement officer for the City of Duluth"—violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-25, by unlawfully accessing her personal information from 2003 to 2012. After reviewing the magistrate judge's report and

_____

[1]This opinion is being filed by Judge Gruender and Judge Kelly pursuant to 8th Cir. R. 47E.

-2-

recommendation, the district court[2] dismissed all named defendants under Federal Rule of Civil Procedure 12(b)(6). Because the female officer had not been named or served, the district court declined to address any claims against her.

After confirming that the unnamed officer was Rebecca Kopp, Loeffler amended her complaint on March 3, 2016 and named Kopp. However, adopting another report and recommendation from the magistrate judge, the district court dismissed the claims against Kopp as barred by the four-year statute of limitations. *See* 28 U.S.C. § 1658(a); *McDonough v. Anoka Cty.*, 799 F.3d 931, 943 (8th Cir. 2015) (concluding that the statute of limitations for the DPPA begins to run when the violation occurs). Loeffler now appeals the dismissal of her claims against Kopp and Duluth. We review the grant of a motion to dismiss *de novo*, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *McDonough*, 799 F.3d at 945.

First, the district court properly dismissed Loeffler's claim against Kopp as untimely under the applicable statute of limitations. Loeffler argues that, under Federal Rule of Civil Procedure 15(c), her amended complaint naming Kopp relates back to her original complaint referring to the unnamed female officer, bringing it within the statute of limitations. Under Rule 15(c)(1)(C)(ii), an amendment to a pleading relates back to the original pleading when, among other requirements, the party brought in by the amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." As Loeffler conceded at oral argument, however, we recently concluded that naming a Jane Doe defendant does not relate back under Rule 15(c) because "it was an intentional misidentification, not an unintentional error, inadvertent wrong

---

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting in part the report and recommendation of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

action, or 'mistake.'" *See Heglund v. Aitkin Cty.*, 871 F.3d 572, 580 (8th Cir. 2017), *cert. denied*, 138 S.Ct. 749 (2018). The district court also correctly concluded that there were no "exceptional circumstances" warranting equitable tolling given Loeffler's strong suspicion as to Kopp's identity at the time she filed her original complaint. *See Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009). Loeffler identified Kopp by name in letters sent to Duluth officials before she filed her original complaint. Thus, Loeffler's claim against Kopp was barred by the four-year statute of limitations.

Second, Loeffler argues that Duluth is itself directly liable for improperly disclosing her information. To establish a claim against the city under the DPPA, Loeffler must show that Duluth "1) knowingly 2) obtained, disclosed, or used personal information, 3) from a motor vehicle record, 4) for a purpose not permitted." *See McDonough*, 799 F.3d at 945. Loeffler claims that Duluth violated the DPPA by disclosing the information to Kopp without verifying that she sought it for a permissible purpose. *Cf. Gordon v. Softech Int'l, Inc.*, 726 F.3d 42, 53 (2d Cir. 2013) (imposing a duty of reasonable care on resellers who disclose personal information protected by the DPPA). However, Loeffler failed to plead sufficient facts supporting an inference that Duluth knowingly allowed Kopp to access the database for any reason other than performing her law-enforcement duties, a purpose permitted by the DPPA. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint must plead "enough facts to state a claim to relief that is plausible on its face"). We therefore conclude that Loeffler failed to state a claim for direct municipal liability against Duluth. *See, e.g.*, *Roth v. Guzman*, 650 F.3d 603, 611 (6th Cir. 2011); *Weitgenant v. Patten*, Civil No. 14–255 ADM/FLN, 2016 WL 1449572, at *4 (D. Minn. Apr. 12, 2016) ("To violate the DPPA, a defendant itself must have acted with an impermissible purpose; it is not enough that the defendant discloses information to one who subsequently uses it for an impermissible purpose.").

Loeffler counters that Duluth is nonetheless liable because it employed Kopp, who allegedly accessed her information for improper purposes. Although Loeffler frames this argument—at least in part—as a direct municipal liability claim, it is in fact an argument for vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (distinguishing vicarious liability and municipal liability). According to Duluth, Loeffler failed to raise this claim below. In response, Loeffler maintains that she did plead vicarious liability in her complaint but admits that she otherwise did not make that argument before the district court. Because Loeffler has not suggested that this is a case where either "the proper resolution is beyond any doubt" or "where injustice might otherwise result," we conclude that she did not preserve any vicarious liability claim and decline to take it up for the first time on appeal.[3] *See Lynch v. Nat'l Prescription Adm'rs, Inc.*, 787 F.3d 868, 874 (8th Cir. 2015).

For these reasons, we affirm the district court's judgment.

_____

[3]Loeffler asserts that the district court dismissed her vicarious liability claim without giving her the chance to argue this issue. But the magistrate judge submitted two reports and recommendations that provided the basis for the district court's orders of dismissal. Thus, we are not persuaded that Loeffler had no opportunity to present this issue below.